UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

STEPHANIE M. URIE,           :        2004 AUG 26  A 11: 59
    Plaintiff,               :
                              :        U.S. DISTRICT COURT
V.                           :        CASE NO. 3:04CV94(RNC)
                              :
YALE UNIVERSITY,             :
    Defendant.               :

## RULING AND ORDER

Stephanie Urie, a former student and teaching fellow at the Yale Divinity School, brings this action against the University seeking damages for alleged gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"). She alleges that defendant failed to protect her against sexual harassment by a professor while she was student, and later failed to take effective action to address her concerns about the professor's behavior towards her while she was a teaching fellow. In addition, she seeks damages under Connecticut law for breach of contract, negligent infliction of emotional distress, negligent retention and supervision, and vicarious liability. Defendant has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all the claims. With regard to the Title IX claims, I conclude that the allegations of the complaint fail to state a claim for relief based on teacher-student harassment, and that the exclusive remedy for the discrimination plaintiff claims to have suffered while a teaching fellow is provided by Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended ("Title VII"). With

regard to the state law claims, I conclude that the allegations of the complaint, viewed as a whole, are adequate to state claims for breach of contract and negligent retention and supervision, but insufficient to state claims for negligent infliction of emotional distress or vicarious liability. Accordingly, the motion is granted in part and denied in part.

I.  Facts

The complaint alleges the following facts, which are assumed to be true for purposes of this motion. Plaintiff attended Yale Divinity School ("YDS") beginning in the fall of 1999 and graduated with a master degree in May 2002. While enrolled as a student, she was mentored by Gilbert I. Bond, an associate professor, who offered her professional and spiritual guidance and encouragement. Defendant knew that Bond had a propensity to engage in sexual harassment towards female students he was mentoring and, as a result, his relationship with plaintiff caused some members of the administration and faculty to be concerned about her welfare. Plaintiff was unaware of Bond's propensity in this regard and defendant failed to warn her or take other steps to protect her.

In June 2002, following plaintiff's receipt of her degree, Bond asked her to meet him in Boston on the pretext of discussing a professional opportunity. She accepted. While in Boston, Bond manipulated her by taking advantage of the trust he had gained from her at YDS, and coerced her into engaging in sexual relations.

2

Beginning in September 2002, plaintiff was employed as a teaching fellow at YDS. She informed members of the administration and faculty of what Bond did to her in Boston, but no action was taken in response to her disclosure, and Bond repeatedly engaged in intimidating behavior towards her. In April 2003, she filed a formal complaint against him with YDS and requested reasonable accommodations. Bond retaliated by threatening to take legal action against her.

Defendant failed to take effective action to stop Bond from retaliating against plaintiff or to protect her from his continued presence on campus. As a result of defendant's inaction, plaintiff was subjected to a hostile work environment, which forced her to decline employment as a teaching fellow for the 2003-2004 academic year. In addition, she has been unable to take part in alumni and other activities offered by defendant because she is afraid of encountering Bond.

II. Discussion

Under Federal Rule of Civil Procedure 8(a), a claim is adequately pleaded if the allegations in the complaint give the defendant fair notice of what the claim is and the grounds on which it rests. See Swierkiewicz v. Soream N.A., 534 U.S. 506, 512 (2002). An adequately pleaded claim may be dismissed under Rule 12(b)(6) only if no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

A.  <u>Title IX Claims</u>

Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Congress enacted Title IX to "avoid the use of federal resources to support discriminatory practices," and to "provide individual citizens with effective protection against those practices." <u>Cannon v. University of Chicago</u>, 441 U.S. 677, 704 (1979). Consistent with these purposes, the statute is enforceable through administrative action against funding recipients, as well as an implied private right of action for damages. <u>See</u> <u>Gebser v. Lago Vista Independent School District</u>, 524 U.S. 274 (1998); <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60 (1992).

Plaintiff's Title IX claims are set forth in counts one through three of the complaint. Count one alleges that defendant failed to protect her from sexual harassment by Bond while she was a student. Count two alleges that defendant's failure to protect her from Bond when she returned to the campus as a teaching fellow resulted in a hostile environment. Count three alleges that defendant is liable for failing to take effective action to prevent Bond from retaliating against her after she filed her formal complaint against him in April 2003.[1]

---

[1] In her opposition brief, plaintiff states that she is
(continued...)

4

Failure To Protect

In Gebser, the Supreme Court held that Title IX provides a damages remedy for teacher-student sexual harassment if an official with authority to take corrective action knows of the harassment yet fails to adequately respond due to an attitude of deliberate indifference. See 524 U.S. at 290. Defendant moves to dismiss plaintiff's failure to protect claim on the ground that the complaint does not allege that Bond subjected her to sexual harassment before she graduated from YDS in May 2002. In her brief in opposition, plaintiff states emphatically that the claim "arises from Yale's failure to take reasonable steps to intervene to protect her from Bond's predation while she was a YDS student." Pl.'s Opp. at 11. Defendant replies that this statement of the claim is contradicted by the allegations of the complaint. That does appear to be the case.

The complaint does not allege, expressly or by fair implication, that Bond actually subjected plaintiff to sexual harassment before she graduated. It alleges, to the contrary, that "[p]rior to June 2002, [she] was unaware of Bond's

---

¹(...continued)
concerned about being subjected to discrimination under alumni programs, Pl.'s Opp. at 11, and that it would be a violation of Title IX for Yale to deny her access to conferences and seminars available to alumni. Id. n. 1. In light of those statements, I note that the complaint does not allege that Yale has in fact denied plaintiff access to alumni programs, and thus committed additional violations of Title IX. It alleges, rather, that she does not participate in alumni programs as a result of the violation that occurred when Yale failed to protect her from sexual harassment by Bond while she was a student.

5

propensity to engage in . . . sexual harassment with female students whom he mentored." Compl. at ¶ 17. Building on that allegation, it goes on to allege that "[w]hile in Boston, Bond manipulated [her] by taking advantage of the trust he had gained from her as her mentor, as well as a YDS religious and academic professional . . . ." Compl. ¶ 19.

In view of the emphatic statement in plaintiff's brief, I infer that the failure to protect claim is based on defendant's failure to take precautionary measures to protect her while she was student before she became another of Bond's victims. Whether the standard of liability established in <u>Gebser</u> (actual notice and deliberate indifference) makes universities accountable under Title IX for failure to prevent teacher-student sexual harassment before it occurs is an issue that is not addressed in the parties' papers. If that is the crux of the claim, the defendant has understandably missed it because the allegations are too vague to provide fair notice, and needlessly so. Accordingly, the motion to dismiss this count is granted.

### Hostile Environment and Retaliation

Plaintiff's hostile environment and retaliation claims are based on events that occurred during the 2002-03 academic year, when she was employed as a teaching fellow. Defendant moves to dismiss these claims on the ground that, in substance, they are claims for employment discrimination, which are preempted by Title VII. Plaintiff responds that Title IX provides a cause of action for gender-based discrimination in educational programs

receiving federal funding, regardless of the availability of a remedy under Title VII.[2]

The Second Circuit has not decided whether Title VII preempts private claims for employment discrimination under Title IX. See Torres v. Pisano, 116 F.3d 625, 630 n.3 (2d Cir. 1997). Most courts that have taken up the issue agree that Title IX was not intended to enable employees of educational institutions complaining of gender discrimination to bypass the remedial scheme Congress established in Title VII. See, e.g., Waid v. Merrill Area Public Schools, 91 F.3d 857, 861-62 (7th Cir. 1996); Lakoski v. James, 66 F.3d 751, 753-54 (5th Cir. 1995); Vega v. State University of New York Board of Trustees, 2000 WL 381430,*3 (S.D.N.Y. 2000). Plaintiff urges me to adopt the minority position, exemplified by Bedard v. Roger Williams University, 989 F. Supp. 94, 95 (D.R.I. 1997), which permitted a university employee complaining of gender discrimination to bring her complaint directly to court under Title IX. I agree with the majority view for the reasons stated in Lakoski. Accordingly, these claims are dismissed.

---

[2] Plaintiff also responds that, for purposes of Title IX, a teaching fellow at YDS should be deemed to be a student, not just an employee. The relevant inquiry, though, as defendant points out, is whether the claims advanced under Title IX seek to vindicate rights protected by Title VII. See Def.'s Reply at 3.

B.  State Law Claims[3]

Counts four through seven of the complaint allege that defendant: breached an agreement to handle plaintiff's complaint against Bond in April 2003 in accordance with established procedures; negligently supervised and retained Bond after it had actual knowledge of his propensity to engage in sexual harassment; negligently caused plaintiff to suffer emotional distress through its failure to address her concerns after she was sexually assaulted by Bond; and is vicariously liable for Bond's sexual assault.  Defendant contends that none of these counts states a claim on which relief can be granted. As noted at the outset, I agree in part.

Breach of Contract

The complaint alleges that defendant reneged on a promise to process her formal complaint against Bond in April 2003 in accordance with its established procedures for handling complaints of sexual harassment.  It also alleges, if not explicitly, by fair implication, that if established procedures had been followed, her complaint would have been sustained and she would have gotten meaningful relief.  These allegations satisfy the liberal standard of notice pleading, and it is not clear that plaintiff can prove no set of facts consistent with them that would entitle her to relief.  Accordingly, the motion

---

[3] Plaintiff's state law claims invoke the court's diversity jurisdiction, so I am bound to address them notwithstanding my conclusion that the federal claims must be dismissed.

to dismiss this count is denied.

### Negligent Retention and Supervision

Plaintiff contends that the allegations of the complaint, viewed as a whole, adequately allege a claim for negligent retention and supervision. I agree. In essence, plaintiff alleges that Bond's sexual harassment of other females made it foreseeable to defendant that he would sexually harass her, that defendant therefore had a duty to take steps to protect her, that it failed to do so, and that this was a substantial factor in causing the sexual assault in Boston. These allegations appear to be sufficient to plead the elements of a negligent retention or supervision claim under Connecticut law. See generally Seguro v. Cummiskey, 82 Conn. App. 186 (2004).

### Negligent Infliction of Emotional Distress

Plaintiff cannot recover damages for negligent infliction of emotional distress because, as defendant correctly argues, the claim is based entirely on defendant's conduct while she was an employee. See Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997).

### Vicarious Liability

Plaintiff's vicarious liability claim fails because the complaint explicitly alleges that Bond induced her to go to Boston on the "pretext" of discussing a professional opportunity. Given that allegation, plaintiff cannot credibly maintain that he was motivated at least in part to serve his employer, as she must in order to hold defendant accountable for the sexual assault.

III.  Conclusion

Accordingly, defendant's motion to dismiss is hereby granted as to the Title IX claims, and the claims for negligent infliction of emotional distress and vicarious liability, and denied as to the claims for breach of contract and negligent retention and supervision.  If plaintiff believes she can cure the deficiencies identified in this ruling with regard to any of her claims, and wants to try, she may file and serve an amended complaint on or before September 27, 2004.

So ordered.

Dated at Hartford, Connecticut this 26th day of August 2004.

Robert N. Chatigny
United States District Judge