IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHANIE M. URIE, | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | Case No. 3:04-cv-00094-RNC |
| v. | ) | |
| | ) | |
| YALE UNIVERSITY, | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Date Complaint Filed:        January 20, 2004

Date Complaint Served:        February 5, 2004

Date of Defendant's Appearance:        February 27, 2004

Date Amended Complaint Filed:        September 27, 2004

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 5, 2004.  The participants were:

Stephen G. Norten, Esq. and Elizabeth J. Grant, Esq. for Plaintiff Stephanie M. Urie

Felix Springer, Esq. for Defendant Yale University

I.        **Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.     **Jurisdiction.**

A.      Subject Matter Jurisdiction.

This action arises in part under the law of the United States, 20 U.S.C.A. §§ 1681 et seq.

This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C.A

§§ 1331 and 1338.  This Court also has jurisdiction on grounds of diversity of citizenship, 28

U.S.C.A. § 1332.

B.      Personal Jurisdiction.

Defendant does not contest personal jurisdiction.

III.    **Brief Description of Case.**

A.      Claims of Plaintiff.

In June 2002, Plaintiff Stephanie Urie was sexually assaulted by Yale Divinity School

Professor Gilbert Bond, who was her mentor while she was a student there.  Although the assault

occurred off campus and shortly after Ms. Urie graduated, she contends that Yale University was

well aware of Professor Bond's propensity to engage in such behavior prior to the assault and

should have warned her of this propensity and/or prevented Professor Bond from entering into

mentoring relationships with female students.  Ms. Urie contends that Yale University failed to

protect her from a member of its faculty, and by doing so, failed to enforce its policies with respect

to faculty-student relations and to adequately supervise its employee, thereby causing her great

harm.

Ms. Urie further contends that she returned to Yale University for the academic year 2002-

2003 to continue her education as a teaching fellow, and that, as a teaching fellow, she was a

student of Yale University.  In August 2002, she reported Professor Bond's conduct to school

officials, and thereafter requested reasonable accommodations to protect her from Bond and allow

her, as a student, teaching fellow, affiliate of a college of the University and an alumna, to access the University's courses, programs and facilities.  Yale refused to provide the requested protections or otherwise sufficient and appropriate accommodations to protect her and failed to prevent Professor Bond from harassing Ms. Urie on campus.  Yale refused to stop Professor Bond from retaliating against and intimidating Ms. Urie after she complained of his sexual harassment. Because of her reasonable fear of Professor Bond and Yale's continuing refusal to provide her with protection, Ms. Urie was forced to end her studies and work as a teaching fellow and decline numerous invitations to participate in alumni activities held at the Yale campus.  Ms. Urie was also foreclosed from educational opportunities as a result of Yale's refusal to protect her.

She seeks compensation based upon the prohibition contained in Title IX, 20 U.S.C.A. §§ 1681 et seq. against gender discrimination, including the duty it places upon federally funded schools to protect students from sexual predation, and state law claims of negligent supervision and retention, negligent infliction of emotional distress, and vicarious liability for Bond's sexual assault.

B.      Defenses and Claims of Defendant.

COUNT 1: TITLE IX, FAILURE TO PROTECT

1.      Yale had no actual knowledge of Bond's alleged sexual harassment of plaintiff during the time plaintiff was a student at Yale.

2.      Yale acted reasonably to protect plaintiff while she was a student.

3.      Yale had no duty under Title IX to protect plaintiff after she had graduated.

4.      Bond's alleged sexual harassment of plaintiff did not deprive plaintiff of educational benefits or opportunities.

Further, upon information and belief, defendant denies plaintiff was sexually assaulted but rather, avidly sough a relationship with Professor Bond both before and after the alleged assault.

COUNT 2:  TITLE IX, HOSTILE ENVIRONMENT

1.   Yale had no actual knowledge of Bond's alleged sexual harassment of plaintiff during the time plaintiff was a student at Yale.

2.   Yale acted reasonably to protect plaintiff from a hostile educational environment while she was a student.

3.   Yale had no duty under Title IX to protect plaintiff from a hostile educational environment after she had graduated.

4.   Bond's alleged sexual harassment of plaintiff did not deprive plaintiff of educational benefits or opportunities.


COUNT 3:  TITLE IX, RETALIATION

1.   Plaintiff suffered no retaliation.

2.   At the time of the alleged retaliation, Yale had neither the ability nor the duty under Title IX to protect plaintiff from retaliation.


COUNT 4:  FAILURE TO PROVIDE ADEQUATE AND PROMISED SEXUAL HARASSMENT COMPLAINT PROCESS

1.   Plaintiff was not entitled to bring a complaint under YDS's sexual harassment complaint process.

2.   Plaintiff received the process promised her.

3.   Plaintiff has suffered no damages from the alleged failure to provide an adequate and promised process.


COUNT 5:  NEGLIGENT SUPERVISION AND RETENTION

1.   Bond's alleged actions were not reasonably foreseeable.

2.   Yale acted reasonably in hiring and retaining Bond.

3.   Yale violated no duty toward plaintiff.

4.   Plaintiff suffered no damages from Yale's alleged breach of duty.

5.   Plaintiff's damages resulted entirely from her own negligence.

COUNT 6:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1.      Bond's alleged actions were not reasonably foreseeable.

2.      Yale acted reasonably in response to interactions between Bond and plaintiff, in response to plaintiff's sexual harassment complaint, and in response to plaintiff's requests for protection.

3.      Yale violated no duty toward plaintiff.

4.      Plaintiff suffered no damages from Yale's alleged breach of duty.

5.      Plaintiff's damages resulted entirely from her own negligence.

COUNT 7: VICARIOUS LIABILITY

1.      Bond did not act within the scope of his employment or with the purpose of serving Yale when he allegedly had sexual contact with plaintiff.

**IV.      Statement of Undisputed Facts.**

        Counsel certify that they have made a good faith effort to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

        1.      In 1996, Yale Divinity School ("YDS"), a graduate level professional school within Yale, hired Gilbert I. Bond ("Bond") as an associate professor of Theology and African American Studies.

        2.      Plaintiff attended YDS beginning in the fall of 1999 and received her Master's of Divinity degree in May 2002.

        3.      Yale University (Yale) is Connecticut corporation with a principal place of business in New Haven, CT.

        4.      Yale is a private institution of higher education that accepts federal funding.

V.      Case Management Plan.

       A.      Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

       1.      The parties request that completion of discovery be set for May 31, 2005.

       2.      The parties request that a deadline for motions for summary judgment of June 30, 2005.

       B.      Scheduling Conference with the Court.

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

       C.      Early Settlement Conference.

       1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

       2.      The parties do not request an early settlement conference.

       3.      The parties prefer a settlement conference with the presiding judge.

       4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

       D.      Joinder of Parties and Amendment of Pleadings.

       1.      Plaintiff should be allowed until December 1, 2004 to file motions to join additional parties and until December 15, 2004 to file motions to amend the pleadings.

       2.      Defendant should be allowed until December 1, 2004 to file motions to join additional parties and until December 15, 2004 to file a response to the complaint.

E.    Discovery.

1.    Plaintiff anticipates that discovery will be needed on the following subjects. The

defendant disagrees that plaintiff will be entitled to all the discovery she anticipates needing:

a.    Yale's prior knowledge of Professor Bond's propensity to engage in sexual harassment, gender discrimination and/or sexual relations with students and the nature and extent of its response thereto;

b.    Yale's policies, practices and procedures with respect to romantic or sexual relationships between faculty and students, and the development and implementation of those policies, practices and procedures;

c.    Yale's policies, practices and procedures with respect to sexual harassment and/or gender discrimination towards students by faculty and staff, and the development and implementation of those policies, practices and procedures;

d.    Yale's programs, services and facilities related to sexual assault and harassment and the development and implementation of those programs, services and facilities;

e.    Yale's response(s) to Plaintiff's reports to faculty and staff of sexual harassment/assault by Professor Bond;

f.    Previous sexual harassment, gender discrimination and/or sexual relations engaged in by Professor Bond with students;

g.    Other incidents of unprofessional behavior by Bond and Yale's knowledge of and response thereto;

h.    Yale's response to Kathryn Kelly and other student requests for protection after being subjected to sexual harassment or sexual assault at Yale;

i.    Yale's agreement to provide its sexual harassment complaint procedures to Plaintiff, including the identity of the decision makers and their rationale for that decision;

j.    The procedures utilized in processing Plaintiff's complaint of sexual harassment against Professor Bond, including Yale's investigation thereof, the YDS decision on the complaint and the subsequent appeal to the Yale Provost;

k.    Yale's refusal to provide reasonable and appropriate protection of Plaintiff from Bond so that she could access the Yale University programs and facilities, including those responsible for the decision and the rationale therefor;

l.     The course work required by Yale of its teaching fellows, and Yale's historic position that teaching fellows are students;

m.    Yale's refusal to prevent or stop Bond from intimidating and retaliating against Plaintiff in response to her having complained to Yale of his sexual harassment;

n.    Yale's sanctioning and facilitating communication from Professor Bond to Plaintiff during the 2003-2004 academic year;

o.    Professor Bond's intimidation and harassment towards female faculty, staff and students after Plaintiff's complaint of sexual harassment towards him;

p.    Yale's decision(s) in response to Plaintiff's complaint of sexual harassment against Professor Bond;

q.    The extent and substance of the Yale Police Department's response to plaintiff's requests for protection;

r.    The injuries and damages suffered by Plaintiff as the result of the sexual assault by Professor Bond; and

s.    The injuries and damages suffered by Plaintiff as the result of Yale's failure to protect her from Bond, reasonable accommodations and Yale's failure to provide her with the promised complaint procedures.

The defendant anticipates needing discovery on the following subjects:

a.    The plaintiff's relationship with Professor Bond;

b.    All of plaintiff's communications about that relationship;

c.    Plaintiff's academic history at Yale and elsewhere;

d.    Plaintiff's medical and psychological history;

e.    Plaintiff's work history;

f.    Plaintiff's experiences at Yale;

g.    The basis for plaintiff's claims as set forth in her Complaint.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by December 1, 2004 and completed (not propounded by) May 31, 2005.

3.      Discovery will not be conducted in phases.

4.      Discovery will be completed by May 31, 2005.

5.      The parties anticipate that the plaintiff will require a total of 15 depositions of fact witnesses and that the defendant may require a total of six depositions of fact witnesses depending on which depositions Plaintiff takes.  The depositions will be completed in accordance with the discovery schedule.

6.      The parties will not request permission to serve more than 25 interrogatories.

7.      Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate all expert witnesses and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 28, 2005.  Depositions of such experts will be completed by March 31, 2005.

8.      Defendant may call expert witnesses at trial.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 29, 2005.  Depositions of such experts will be completed by May 31, 2005.

9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 14, 2005.

F.      Dispositive Motions.

1.      Defendant will file its Motion to Dismiss by October 31, 2004; Plaintiff will file her Opposition by November 21, 2004 and Defendant will file its Reply by December 1, 2004.

2.      Motions for Summary Judgment will be filed by June 30, 2005.

G.      Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty days after the decision on any Motion for Summary Judgment on any remaining claims.

## VI.      TRIAL READINESS.

The case will be ready for trial ninety days after the decision on any Motion for Summary Judgment, including appeals.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff Stephanie M. Urie

By: _____          Date: _____

Defendant Yale University

By: _____          Date: _____

389338_v1: 97987-00001